# RESCRIPT OPINIONS.

PRISCILLA MALAVE *vs.* ALLSTATE INSURANCE COMPANY. April 2, 1987. *Insurance*, Motor vehicle insurance, Loss of wages.

The plaintiff was injured in an automobile accident in June, 1980, and was disabled for ten weeks. The defendant, which wrote the compulsory motor vehicle liability policy on the automobile of the plaintiff's husband (see G. L. c. 90, §§ 34A et seq.), has reimbursed her for her actual medical expense under the personal injury protection (PIP) coverage of the policy (see G. L. c. 90, § 34M) but has declined to honor her claim ($1,780) for loss of earning capacity. The agreed facts relative to this claim are that she was employed until 1978 at a manufacturing company, earning $175.80 per week; that she left the company's employ in that year when she became pregnant; that she remained a housewife through the time of the accident; and that by 1982 she was again employed, now at a nursing home, earning $152.00 a week. A judge of a District Court and, later, on de novo review, a judge of the Superior Court rejected the plaintiff's contention that PIP benefits, as defined in § 34A, include reimbursement for loss of earning capacity of an injured housewife.

We agree with the two judges. PIP benefits cover three types of loss, characterized in *Flanagan* v. *Liberty Mut. Ins., Co.*, 383 Mass. 195, 200 (1981), as "immediate out-of-pocket losses and expenses." These are medical payments, seventy-five percent of actual lost wages, and "payments in fact made to others . . . reasonably incurred in obtaining from those others ordinary and necessary services in lieu of those that, had he not been injured, the injured person would have performed not for income but for the benefit of . . . his household." *Pinnick* v. *Cleary*, 360 Mass. 1, 6-7 (1971). Compensation for lost wages is available to a person who is unemployed but is limited to "wages he can prove he would have received from work he would have had had he not been injured." *Id.*, at 7. Section 34A, as appearing in St. 1970, c. 670, § 2, is clear on this point: "[P]ayments for loss of wages or salary or their equivalent or, in the case of persons not employed, loss by reason of diminution of earning power, shall be limited to amounts *actually lost* by reason of the accident . . ." (§ 34A, emphasis added). PIP benefits do not cover a loss of homemaker services except to the extent of reimbursing expenses reasonably incurred in replacing those services. No such expenses having been incurred in the instant case, judgment was correctly entered for the defendant.

*Judgment affirmed.*

*George F. Kelly* for the defendant.
*Thomas J. O'Connor*, for the plaintiff, submitted a brief.